UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DOUBLE D WILDLIFE RANCH, LLC,
a Kentucky Limited Liability Company,

    Plaintiff,

vs.                                                No. 15 CV 00014 JAP/KBM

BUTLER COMPANY, LLC,
a New Mexico Limited Liability Company, and
RORY BUTLER, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ON MOTION FOR DEFAULT JUDGMENT

Plaintiff, Double D Wildlife Ranch, LLC (Plaintiff) asks the Court to enter default judgment against Defendants Butler Company, LLC (Butler Company) and Rory Butler (Butler) (together Defendants) under Fed. R. Civ. P. 55. *See* MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS BUTLER COMPANY, LLC AND RORY BUTLER, INDIVIDUALLY (Doc. No. 7) (Motion). Because Plaintiff must seek an entry of default prior to moving for default judgment, the Court will deny the Motion without prejudice.

I.    BACKGROUND

On January 6, 2015, Plaintiff filed a COMPLAINT FOR BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, TORTIOUS INTERFERENCE WITH CONTRACT, UNFAIR TRADE PRACTICES, UNJUST ENRICHMENT, CONVERSION, PRIMA FACIE TORT, AND DAMAGES (Doc. No. 1) (Complaint). Over the next several months, Plaintiff attempted to serve Defendants with

summonses and copies of the Complaint. (Mot. 1–4.) Plaintiff alleges that after several attempts, he effectuated service of process on Butler under Fed. R. Civ. P. 4(e) and NMRA, Rule 1-004(F). Plaintiff further alleges that he effectuated service of process on Butler Company under Fed. R. Civ. P. 4(h) and NMRA, Rule 1-004(G). To date, no answer to the Complaint has been filed. (*Id.*) However, no entry of default appears on the docket, nor does the docket contain a request for entry of default as provided in Fed. R. Civ. P. 55(a).

I.   STANDARD OF REVIEW

Fed. R. Civ. P. 55 provides,

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

Rule 55 sets forth a two-part process of first obtaining an entry of default and then a default judgment. *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995) (unpublished table decision). "First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by

affidavit or otherwise' that the clerk enter default on the docket." *Id.* Then, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). *See*, *e.g.*, *Sourcecorp Inc. v. Croney*, 412 Fed.App'x 455, 458, 2011 WL 159707, **2 (3d Cir. Jan. 19, 2011) (describing the process for obtaining a default judgment as a two-part process) (unpublished) *and Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M. Aug. 11, 2011) (unpublished) ("Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor.") (quoting *Williams,* 57 F.3d 1081).

While no published case from the Tenth Circuit has held that this two-part process is mandatory, the clear weight of authority holds that a party *must* seek entry of default by the clerk before the party can move the court for default judgment. *Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M. Aug. 11, 2011) (unpublished) (citing *Garrett v. Seymour,* 217 Fed.App'x. 835, 838 (10th Cir.2007) (unpublished table decision) (holding that the clerk's entry of default under Rule 55(a) is a "prerequisite for the entry of a default judgment under Rule 55(b)(1)."). *See also Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1119 n.4 (10th Cir. 2003) (distinguishing the Rule 55(a) entry of default from the Rule 55(b) grant of default judgment); *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 128 (2d Cir. 2011) ("Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."); *and Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

Hence, the Court will deny the Motion without prejudice to enable Plaintiff to seek an entry of default from the Clerk, and then Plaintiff may re-file the motion for

default judgment. *Rowley*, 276 F.R.D. at 671 (noting that courts usually deny premature motions for default judgment without prejudice to allow Plaintiff to seek entry of default).

IT IS ORDERED that MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS BUTLER COMPANY, LLC AND RORY BUTLER, INDIVIDUALLY (Doc. No. 7) is denied without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE