IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DOUBLE D WILDLIFE RANCH, LLC,**
*a Kentucky limited liability company*,

    Plaintiff,

vs.                                                                                  No. 15-CV-14 JAP/GBW

**BUTLER COMPANY, LLC,** *a New Mexico limited liability company*, **and RORY BUTLER,**

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT**

    In Plaintiff Double D Wildlife Ranch, LLC's MOTION FOR DEFAULT (Doc. No. 15) ("Motion"), Plaintiff asks the Court to enter default against Defendants Butler Company, LLC and Rory Butler. *Id.* at 1. Because the Clerk has already entered default against both Defendants, *see* CLERK'S ENTRY OF DEFAULT (Doc. No. 14), the Court construes Plaintiff's Motion as a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2). For the reasons discussed below, the Court will grant the Motion as it relates to Defendant Butler Company, LLC, but will deny the Motion as it relates to Defendant Rory Butler.

**Background**

    On January 6, 2015, Plaintiff Double D Wildlife Ranch, LLC filed a COMPLAINT FOR BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, TORTIOUS INTERFERENCE WITH CONTRACT, UNFAIR TRADE PRACTICES, UNJUST ENRICHMENT, CONVERSION, PRIMA FACIE TORT, AND DAMAGES (Doc. No. 1) ("Complaint") against Defendant Butler Company, LLC and its sole

owner and member, Defendant Rory Butler. Over the next several months, Plaintiff attempted to serve Defendants with summonses and copies of the Complaint. Motion at 2-4. Plaintiff first attempted to serve Defendants at 207 Lead Street in Raton, New Mexico, the address for Butler Company, LLC's registered agent, Rory Butler. *Id.* at 2. Because Plaintiff could not locate Mr. Butler at this address, Plaintiff next mailed the summonses and copies of the Complaint to Mr. Butler at his only other known address, 829 Cook Road in Wedro-Woolley, Washington. Plaintiff received a certified mail return receipt signed by "J. Lee." *Id.* On March 11, 2015, Plaintiff had the Colfax County Sheriff's Department post the summonses and the Complaint at the 207 Lead Street address. *Id.* at 2-3. Around the same time, Plaintiff mailed a copy of the Complaint and summonses to the New Mexico Secretary of State for service on Defendant Butler Company, LCC under NMSA § 38-1-5.1. *Id.* at 3. Finally, Plaintiff hired a process server in Washington to serve Mr. Butler and Butler Company, LLC. This server made several unsuccessful attempts to locate Mr. Butler at 829 Cook Road and at another potential address, 31704 Cedar Flats Lane in Sedro-Woolley, Washington. *Id.* at 4.

Based on this series of events, Plaintiff alleges that it has "exhausted all possible methods to locate and serve Defendants" and has "attempted to serve Defendants in a manner reasonably calculated, under all the circumstances, to apprise the Defendants of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." *Id.* at 5. Defendants, however, have not answered Plaintiff's complaint or defended themselves in this lawsuit. On September 18, 2015, Plaintiff filed a REQUEST OF [sic] CLERK'S ENTRY OF DEFAULT (Doc. No. 12). Several days later, the Clerk entered the default against both Defendants. *See* CLERK'S ENTRY OF DEFAULT (Doc. No. 14).

## Analysis

Before a court may enter a default judgment against a defendant who fails to plead or otherwise defend against a plaintiff's claims, the plaintiff must effectuate valid service of process on this defendant. *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 711 (10th Cir. 2014) (when service is defective the clerk should decline entry of a default) (citing *Hukill v. Okla. Native Am. Domestic Violence Coalition*, 542 F.3d 794, 802 (10th Cir. 2008)). Here, the Court agrees that Plaintiff has properly served Defendant Butler Company, LLC under NMSA § 38-1-5.1, which states:

> In case the agent of any limited liability company or foreign limited liability company registered to transact business in this state, designated by such company as the agent upon whom process against the company may be served, dies, resigns or leaves the state or the agent cannot with due diligence be found, it is lawful, while the circumstances continue, to serve process against the company upon the secretary of state, and the service shall be as effective to all intents and purposes as if made upon any manager of the company.

As described above, Plaintiff has made multiple attempts to locate Rory Butler, Defendant Butler Company, LLC's registered agent, all to no avail. It was, therefore, appropriate under the relevant rules for Plaintiff to effectuate service on the company through the New Mexico secretary of state. *See* FED. R. CIV. P. 4(h)(1)(A) (permitting service upon an association following the state law of the state where the federal court is located); NMRA, Rule 1-004(E)(explaining that service may be completed "in the manner provided for by any applicable statute, to the extent that the statute does not conflict with this rule"). Service being effective, there is no impediment to entering a default judgment on liability against Defendant Butler Company, LLC.

The same cannot be said of Defendant Rory Butler. The Federal Rules of Civil Procedure contain three options for serving an individual located in the United States: (1) personally

handing the complaint to the defendant, (2) delivering a copy of the complaint to the defendant's "usual place of abode" and leaving it with someone of suitable age who resides there, and (3) personally handing the complaint to an agent who is authorized to receive service on behalf of the defendant. FED. R. CIV. P. 4(e)(2). Alternatively, the Rules allow for service in accordance with state law. *Id.* (e)(1).

Plaintiff's extensive efforts to locate Mr. Butler unfortunately have failed. Consequently, Plaintiff has been unable to satisfy any of the three options for serving Mr. Butler under Federal Rule of Civil Procedure 4(e)(2). Nor has Plaintiff made any showing that it has served Mr. Butler under state law. In New Mexico,[1] a plaintiff has tiered options for serving an individual. The preferred options are personal service or through the mail. NMRA, Rule 1-004(F)(1). For mail service to be valid, plaintiff must obtain a return receipt signed by the defendant or an authorized agent. *Id.* (E)(3). If a plaintiff is unable to obtain a properly signed return receipt (or is unable to effectuate in person service), a plaintiff may serve the defendant by "delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen . . . and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." *Id.* (F)(2). Finally, if this does not work, the plaintiff may deliver the complaint to "the actual place of business or employment of the defendant to the person apparently in charge thereof." *Id.* (F)(3). Plaintiff has not completed service according to the provisions of this rule. Mr. Butler did not sign the return receipt for the mail service. Rather, the return receipt was signed by "J. Lee" an unknown person. As a result, to accomplish service,

---

[1] Plaintiff freely admits that it was unable to serve Mr. Butler in Washington. Motion at 4. New Mexico law is, therefore, the only state law the Court need consider in determining whether service was adequate. *See* FED. R. CIV. P. 4(e)(1) (service may be made following state law where district court is located or where service is conducted).

Plaintiff needed to either leave the complaint with an appropriate person at Mr. Butler's place of abode or his place of employment. This was never done.

Instead, Plaintiff posted copies of the complaint at 207 Lead St. in Raton, New Mexico, the address listed for Mr. Butler as the registered agent for Butler Company, LLC. This is not an approved method of service under New Mexico state law. Rule 1-004 provides that service may be made by an alternative method only upon motion to the court and with court approval. *Id.* (J). Plaintiff has never filed such a motion. For this reason, service on Mr. Butler remains incomplete.

IT IS ORDERED:

1. Plaintiff's MOTION FOR DEFAULT (Doc. No. 15) is granted in part and denied in part.
2. Because Defendant Butler Company, LLC has failed to plead or otherwise defend against Plaintiff's claims, a default judgment on liability will be entered in favor of Plaintiff against Defendant Butler Company, LLC.
3. The Clerk's Entry of Default (Doc. No. 14) against Defendant Rory Butler is vacated.
4. Plaintiff's deadline to serve Defendant Rory Butler is extended until December 11, 2015. Failure to serve Mr. Butler by this deadline will result in dismissal of Plaintiff's claims against Mr. Butler without prejudice.
5. Once Mr. Butler's liability to Plaintiff has been resolved, the Court will schedule a hearing, if necessary, on the amount of damages that should be awarded against Defendant Butler Company, LLC.

_____

James A. Parker

SENIOR UNITED STATES DISTRICT JUDGE